■ In the Matter of ROGER KUBLER, Respondent, v LORINDA KUBLER, Appellant. [608 NYS2d 345] —Mercure, J. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered March 5, 1992, which, in a proceeding pursuant to Family Court Act article 6, *inter alia,* granted the parties joint legal custody of their daughter with physical custody to petitioner.

By order dated November 22, 1991, Family Court granted respondent permanent legal and physical custody of the parties' daughter, Jennifer, "contingent on her compliance with the ADRC Aftercare Program". It was further ordered that John Martin have no contact with the child and that the child remain in residence in Chemung County unless permission to relocate was granted. Alleging that respondent violated the conditions of the November 22, 1991 order by permitting John Martin to have contact with the child and by frequenting an establishment serving alcoholic beverages, and that the child was being cared for in an apartment house that was unsafe, unclean and infested with cockroaches, on December 6, 1991 petitioner sought permanent legal custody of the child. The order to show cause initiating the proceeding granted petitioner temporary custody of the child, with no visitation to respondent. At the initial court appearance on December 23, 1991, Family Court granted respondent scheduled visitation with the child. Following a February 4, 1992 fact-finding hearing, Family Court found that, although petitioner failed to satisfy his burden of establishing that the best interests of the child required an award of permanent legal custody to him, the child's interests would be best served by a continuation of the custodial arrangement then in effect, i.e., joint legal custody with physical custody to petitioner and scheduled visitation to respondent.

The sole contention advanced on this appeal by respondent is that Family Court's finding that petitioner failed to satisfy his burden of proof was legally irreconcilable with its award of custody to petitioner. This contention is founded upon two distinct factual misrepresentations, (1) that the current proceeding was brought solely for a determination that respondent had violated the conditions of the November 22, 1991

custody order and sought only that she be "dealt with in accordance with applicable provisions of law", and (2) that the order being appealed granted petitioner permanent legal custody of the child. First, although respondent accurately describes petitioner's December 2, 1991 violation petition, she makes no mention of petitioner's December 6, 1991 petition seeking permanent custody of the child. A reading of the transcript of the fact-finding hearing leaves no doubt that the purpose of the instant proceeding was to consider a change in custody to petitioner, a fact made clear to both parties. Second, Family Court did not grant petitioner legal custody of the child. To the contrary, Family Court determined, and its order provided, that the best interests of the child would be served by an award of joint custody. Accordingly, we find no inconsistency in Family Court's determination. As a final matter, we note that respondent makes no contention that the evidence adduced at the fact-finding hearing does not support the award of joint custody with physical custody to petitioner.

Cardona, P. J., Crew III, White and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.